# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Gary, | ) | C/A No. 8:15-2557-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sgt. Bernard; Officer McConneil; and Lt. Pendergrass, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, James Gary, is a detainee with the Greenville County Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need and excessive force.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss the action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The defendants filed a motion for summary judgment, however, the plaintiff did not respond to the motion.[2]

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff did not respond to the motion. Indeed, the order was returned to the Clerk of Court's office by the U.S. Postmaster as "undeliverable." In addition, the returned envelope was marked "released from custody."

1

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 17, 2015. However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge has allowed the plaintiff ample time to respond to the court's orders and the plaintiff has failed to do so. Moreover, the plaintiff has failed to notify the court of his new address as it appears he has been released from custody.

This court agrees with the Magistrate Judge that the plaintiff meets all of the criteria for dismissal under Rule 41(b). See *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

Accordingly, this action is dismissed with prejudice for lack of prosecution.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

December 9, 2015
Columbia, South Carolina

2